UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Anthony Michael Gioiosa, Sr.,<br><br>Plaintiff<br><br>v.<br><br>Nevada Department of Business Bureau, et al.,<br><br>Defendants | Case No.: 2:21-cv-0700-JAD-NJK<br><br>**Order Adopting Report & Recommendation and Dismissing Action**<br><br>[ECF No. 9] |

Plaintiff Anthony Michael Gioiosa, Sr., filed this lawsuit without taking the most important two steps necessary to do so: filing a complaint or paying the required filing fee. After the court directed him to do so, he filed a complaint and submitted an application to proceed in forma pauperis.[1] But that application was incomplete, so the court denied that application and gave Gioiosa until July 29, 2021, to submit a completed application, warning him that the failure to do so would "result in a recommendation to the District Judge that [his] case be dismissed."[2] That deadline passed with no action, so the magistrate judge issued a report and recommendation to dismiss this case without prejudice.[3] The deadline for the plaintiff to object to that recommendation similarly passed with no action. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4] Having reviewed the R&R, I find good cause to adopt it, and I do.

---

[1] ECF No. 3.

[2] ECF No. 8 at 2.

[3] ECF No. 9.

[4] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

A court may dismiss an action based on a party's failure to prosecute his case or obey a court order.[5] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] The court has also evaluated less drastic alternatives by issuing a warning to the plaintiff that his failure to pay the fee or submit a completed pauper application would result in dismissal,[8] and the Ninth Circuit recognizes that such a warning satisfies the fifth factor's "consideration of alternatives" requirement.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 9] is ADOPTED** in full;

---

[5] *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] ECF Nos. 8, 9.

[9] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1237 (9th Cir. 2006).

IT IS FURTHER ORDERED THAT **this case is dismissed**.  The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: September 8, 2021